UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN ANTONIO PIZANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br><br>　　　　　Defendant. | Case No. 17-cv-03030-HRL<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR FEES**<br><br>Re: Dkt. No. 35 |

## I.　BACKGROUND

In this Social Security appeal,[1] the Court granted in part plaintiff Juan Antonio Pizano's motion for summary judgment, remanded the case for further agency proceedings, and entered judgment accordingly. Dkt. Nos. 30, 31. The Court subsequently approved the parties' stipulation for an award of attorney's fees in the amount of $3,500 to Mr. Pizano's counsel, Marc Kalagian, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142. Dkt. No. 34. On remand, the Social Security Administration concluded that Mr. Pizano is disabled within the meaning of the Social Security Act ("Act") and awarded him $57,369 in past-due disability benefits. Dkt. No. 35 at ECF 11, ¶ 4, Dkt. No. 35-3; Dkt. No. 35-4 at ECF 1-2. The May 19, 2020 Notice of Award informed Mr. Pizano that 25% of his past-due benefits, or $14,342.25, was being withheld in the event attorney's fees were payable to Mr. Kalagian under the Act. Dkt. No. 35-4 at ECF 2.

　　Mr. Kalagian now seeks $13,500, or approximately 23.5% of those past-due benefits

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Andrew M. Saul is substituted for his predecessor, Nancy A. Berryhill.

pursuant to 42 U.S.C. § 406(b) and his fee agreement with Mr. Pizano, which provides for a contingent fee of 25% of Mr. Pizano's past-due benefits. Dkt. No. 35; Dkt. No. 35-2. Mr. Kalagian acknowledges that he must reimburse Mr. Pizano for the previous $3,500 EAJA fee award, leaving a net fee award of $10,000.

The record indicates that Mr. Kalagian served his fees motion on Mr. Pizano by mail. Dkt. No. 35 at ECF 13. The government does not oppose the motion, but notes that it does not take a position on the reasonableness of the fees requested.[2] Dkt. No. 36. The Court has not received any opposition or response from Mr. Pizano. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court grants the motion for fees.[3]

## II.   DISCUSSION

When a court renders judgment favorable to a claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). A court may award such fees even if the court's judgment did not immediately result in an award of past-due benefits. *Butler v. Colvin*, No. 3:14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). Although a district court may award fees under both the EAJA and § 406(b), "'the claimant's attorney must refund to the claimant the amount of the smaller fee.'" *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

"Attorneys specializing in social security work 'routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful.'" *Mercado v. Saul*, No. 16-cv-04200-BLF, 2020 WL 2512235, at *1 (N.D. Cal. May 15, 2020) (quoting *Crawford*,

---

[2] The government states that due to the COVID-19 pandemic, it was unable to send a hard copy of its non-opposition to Mr. Pizano, but that Mr. Kalagian agreed to do so. Dkt. No. 36 at 1 n.2.

[3] This action was assigned, upon the consent of all parties, to Magistrate Judge Howard R. Lloyd, who has since retired. The present motion has been referred to this Court for disposition.

United States District Court
Northern District of California

586 F.3d at 1147). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "The statute does not specify how courts should determine whether a requested fee is reasonable" and "provides only that the fee must not exceed 25% of the past-due benefits awarded." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."). The attorney seeking fees must show that the fees sought are reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award under § 406(b), courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by the court "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Id*. (quoting *Gisbrecht*, 535 U.S. at 808). Although the Supreme Court has "flatly rejected [a] lodestar approach," *id*., a court may require, "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of the requesting attorney's records of the hours worked and normal hourly billing rates. *Gisbrecht*, 535 U.S. at 808.

As discussed above, Mr. Pizano and Mr. Kalagian entered into a contingent fee agreement providing for fees of 25% of any past-due benefits awarded (Dkt. No. 35-2 ¶ 4), which is within the limits imposed by § 406(b). Mr. Kalagian seeks fees that are less than the 25% maximum allowed under the law. He successfully pursued this appeal and obtained an excellent result for Mr. Pizano. Nothing in the record suggests that Mr. Kalagian's performance was substandard or that he engaged in dilatory conduct in order to increase the amount of fees to be awarded. Mr. Kalagian and the government note that Mr. Kalagian's time records indicate that he spent a total of

3

20.9 hours (i.e., 18.8 hours of Mr. Kalagian's time and 2.1 hours of work by his paralegal) on this matter, yielding a *de facto* hourly rate of $645.93.  Dkt. No. 35-5.  Excluding the paralegal hours results in a somewhat higher *de facto* hourly rate of $718.09.  Those *de facto* rates are higher than the billing rates indicated in time records for Mr. Kalagian ($196.79/hour) and his paralegal ($125/hour).  Dkt. No. 35-5.  *Gisbrecht*, however, teaches that the reasonableness of the requested fee award cannot be made on a simple hourly rate basis, and the focus remains on the character of the representation and the results achieved.  *Gisbrecht*, 535 U.S. at 808.  As observed by one court in this district, following *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements."  *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) (noting that in Social Security cases, courts have awarded fees based on *de facto* hourly rates ranging from $187.55 to $694.44).  Having reviewed Mr. Kalagian's time records, the Court concludes that Mr. Pizano's past-due benefits are not disproportionate to the time Mr. Kalagian's office spent on this matter and do not result in an impermissible "windfall."  *Gisbrecht*, 535 U.S. at 808.  Accordingly, the requested fees are reasonable.

### III. CONCLUSION

Based on the foregoing, the motion for fees pursuant to 42 U.S.C. § 406(b) is granted.  The Court awards $13,500 in fees to Mr. Kalagian.  Mr. Kalagian is directed to promptly reimburse Mr. Pizano the $3,500 in EAJA fees previously paid by the Commissioner.

**IT IS SO ORDERED.**

Dated: July 24, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge